FILED
 2010 Dec-09  AM 10:59
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| PATRICIA WILKINSON,                )  | |
|                                    )  | |
|    Plaintiff,       )  | |
|                                    )  | |
|   v.                     )  | CIVIL ACTION NO. 10-G-0031-NW |
|                                    )  | |
| MICHAEL J. ASTRUE,                 )  | |
| Commissioner of Social Security,   )  | |
|                                    )  | |
|    Defendant.       )  | |

**MEMORANDUM OPINION**

The plaintiff, Patricia Wilkinson, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits.  Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner.  Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.  <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence."  <u>Bloodsworth</u>, at 1239 (citations

omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

## DISCUSSION

The court has carefully reviewed the record and finds that the decision of the ALJ, J. Edward Tease, must be reversed and the action remanded for further development of the record. The ALJ found that the plaintiff had the following severe impairments: degenerative disk and joint disease of the lumbar spine with spinal stenosis, degenerative disk disease of the cervical spine, osteoarthritis of the knees, hypertension, possible sensory peripheral neuropathy, and morbid obesity. [R. 14].  He specifically found that the plaintiff's:

> medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of such symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

[R. 16].

The ALJ's discussion regarding the plaintiff obesity follows:

> The claimant has been described as morbidly obese with record[s] showing her to be 5'6" in height and to weigh in excess of 350 pounds.  The records show improvement of her musculoskeltal complaints in association with weight loss.  In 2002, Dr. Hatchett described the claimant's weight of 315 pounds as being a severe problem and he urged the claimant to lose weight to "unload" her back.  Records show she got down to 260 pounds and that weight loss along with conservative treatment had good results with claimant being observed to move about quite well, reporting minimal pain and no muscle spasms.  She even reported walking for exercise.  However, subsequent records show the claimant has experienced significant and gradual increase in her weight and that she was up to 350 pounds at the time she filed her application for benefits in 2007.

[R. 18]. However, his only further discussion regarding her weight was:

> The claimant's allegations of inability to squat or carry heavy items are not inconsistent with the residual functional capacity conclusions reached in this decision. Light work by definition does not require lifting or carrying of heavy objects and crouching has been reduced to only on an occasional basis in the above-stated residual functional capacity. However a finding of [a] complete inability to crouch would not be inconsistent with light work activity [and] such a postural maneuver is not required for light work.

[R. 19].

On remand, the Commissioner shall properly develop the record concerning the plaintiff's conditions, to include an evaluation of what impact her obesity has on her other impairments, and her ability to perform work at more than the sedentary level on a sustained basis. The Commissioner shall consider the combined impact of all her impairments. When a claimant has multiple impairments they must be considered in combination.

> [A] claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling. In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.

Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984).

After fully and fairly developing the record regarding the plaintiff's morbid obesity and the effect of the combination of the plaintiff's impairments, the Commissioner also shall elicit testimony from a vocational expert about the impact of the

3

plaintiff's combination of impairments on her ability to work.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 9 December 2010.

							UNITED STATES DISTRICT JUDGE
							J. FOY GUIN, JR.